

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MELVIN TASSIN (DOC #192651)          DOCKET NO. 08-1042; SEC. P

VERSUS                               JUDGE JAMES T. TRIMBLE, JR.

RIVER CORRECTIONAL CENTER, ET AL.  MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Melvin Tassin, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 16, 2008. Plaintiff is incarcerated at the Winn Corrections Center (WCC) in Winnfield, Louisiana; however, he complains that he was denied appropriate medical care while incarcerated at the River Correctional Center (RCC). Plaintiff sued RCC, Warden Smith, "Warden John Doe," and Nurse Fleming. He seeks compensatory damages in the amount of $100 million plus an unspecified amount of punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## Background

Plaintiff is an inmate in the custody of the LDOC; he is presently incarcerated at the WCC. At some point in April 2008,

Plaintiff was administered dilantin.[1] He claims that he was erroneously given this medication, as he has never been diagnosed with seizure disorder or any problems associated with seizures. According to Plaintiff, this medication caused "side effects" when mixed with medications that he was already taking to control HIV. He claims that Dilantin is causing him to suffer chest pains, migraine headaches, elevated blood pressure, nightmares, and night sweats.

Plaintiff alleges that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment. He claims that the defendants refused to consult with the physician at the University Medical Center who has been treating his HIV. He claims that the wardens "... are liable for the acts and omissions of their employees" and that they are further liable "for failing to train, supervise, and instruct their employees."

Plaintiff claims that he is entitled to damages that resulted from being "forced" to take the medication. He concludes by claiming that the incident was caused "by negligence and strict liability;" abusive medical care and treatment; failing to do and see what they should have done and seen; and other acts of negligence.

---

[1] Dilantin, or phenytoin, is a medication ordinarily dispensed to treat various types of convulsions and seizures, but which is also used to control arrhythmias (irregular heartbeat) and to treat migraine headaches and facial nerve pain. See Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health online at http://www.nlm.nih.gov/medlineplus/druginformation.html

On July 16, 2008, Plaintiff filed a separate suit against the medical staff and others at the Forcht-Wade Correctional Center claiming that the medical staff at that institution erroneously prescribed dilantin, sustiva, and truvada – medications which were not approved by the HIV physicians at University Medical Center's HIV Clinic in Lafayette. That complaint was dismissed with prejudice as frivolous on September 15, 2008. See *Melvin Tassin v. Forcht-Wade Correctional Center, et al.*, No. 5:08-cv-1038 [Doc. #7].

On July 16, 2008 Plaintiff also filed suit against medical staff and others at the Lafayette Parish Corrections Center (LPCC) complaining about being forced to take dilantin. That complaint was dismissed with prejudice as frivolous on December 5, 2008. *See Melvin Tassin v. Lafayette Parish Corrections Center, et al.*, No. 6:08-cv-1041[Doc. #6].

Finally, on July 23, 2008, Plaintiff filed suit against Dr. Alfonzo Pacheco and others at the WCC complaining again of the wrongful administration of dilantin. A report and recommendation in that matter is forthcoming. *See Melvin Tassin v. Alfonzo Pacheco, et al.*, No. 1:08-cv-1079.

**Law and Analysis**

1.   **Screening**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to

3

evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. See <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. <u>See</u> <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. See <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir. 1986).

District courts must construe *in forma pauperis* complaints liberally; but, they are given broad discretion in determining when such complaints are frivolous. <u>See</u> <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific

facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias, 23 F.3d at 97.

Plaintiff's complaint alleges facts sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of Plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

## 2. Eighth Amendment Claims - Inappropriate Medical Care

Plaintiff claims that the defendants treated his medical condition inappropriately. Such claims, when asserted by convicted prisoners like Plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the actions of the defendants were sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976).

Deliberate indifference in this means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response

indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] **should have perceived**, but did not is insufficient to show deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(emphasis added). Moreover, "deliberate indifference cannot be inferred merely from **a negligent or even a grossly negligent response** to a substantial risk of serious harm." Thompson, 245 F.3d at 459 (emphasis added). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Further, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. According to his suit against LPCC, a doctor prescribed Plaintiff Dilantin on March 24, 2008. [*Tassin v. LPCC, et al.,* No. 6:08-cv-1041, Doc. #1, p. 8] On April 10, 2008, Plaintiff was transferred to River Corrections Center, and apparently, this prescription was passed on to the jail authorities at Rivers and ultimately to the authorities at Forcht-

Wade and WCC. [See 1:08-cv-1042, Doc. 1, paragraph IV(3), p. 4; 5:08-cv-1038; 6:08-cv-1041; 1:08-cv-1079] Plaintiff has not alleged any of the RCC defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that anyone actually drew such an inference and that their response to his complaints indicated that they subjectively intended that harm occur to him. Thompson v. Upshur County, Texas, 245 F.3d 447, 458-459 (5th Cir. 2001).

In addition, whether or not these defendants, or any others, "should have perceived" a risk of harm to Plaintiff, but did not (as he has alleged), is of no moment since "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir.1999). The facts alleged herein simply do not support such a conclusion.

Finally, as noted in the Report recommending dismissal of Plaintiff's suit against various defendants at Forcht Wade Correctional Center, "... disagreement with the diagnostic measures

or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. <u>See</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997)." [5:08-cv-1038, Doc. #5, p. 3]  Plaintiff has only alleged that he disagrees with the treatment provided by the various prison medical departments; in addition, he has implied that the defendants were guilty, at worst, of negligence or malpractice and not deliberate indifference.  Therefore, his claim is frivolous and dismissal on that basis is appropriate.

### 3. Conclusion and Recommendation

For the reasons stated herein, and for the reasons stated in the previous Report and Recommendations [5:08-cv-1038, Doc. #5 & 6:08-cv-1041, Doc. #4], **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE